UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DERYLE HUGHES,

      Plaintiff,

-vs-                                      Case No. 6:04-cv-1403-Orl-22JGG

MANNING BUILDING SUPPLIES, INC.,
and DALE ALTENBERG,

      Defendants.

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for hearing on December 1, 2005 on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (Doc. No. 39)** |
| **FILED:** | September 29, 2005 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** | |

Defendants, Manning Building Supplies, Inc. ("Manning") and Dale Altenberg, seek $18,424.16 in attorneys' fees and costs (Docket No. 46 at 2, ¶ 4) pursuant to Fed. R. Civ. P. 11(b)(1)-(2) and (c)(2). Although Plaintiff Deryle Hughes has filed no memorandum in opposition to the Rule 11 Motion as required by Local Rule 3.01(b), Hughes argued at the hearing that he is not liable for fees and costs under Rule 11. For the reasons stated below, it is recommended that Defendants' Motion for Rule 11 Sanctions (Docket No. 39) be denied.

## I. THE LAW

An attorney who presents to the Court any paper. motion. or pleading certifies that "to the best of the person's knowledge, information. and belief. formed after an inquiry reasonable under the circumstances" that the claims, defenses. and legal and factual contentions are not being presented for "any improper purpose" and are "warranted by existing law." Fed.R.Civ.P. 11(b)(1)-(2). Rule 11 sanctions are proper:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (*quoting Jones v. International Riding Helmets. Ltd.*, 49 F.3d 692. 694 (11th Cir. 1995).

District courts have broad discretion with respect to Rule 11 sanctions. *Turner v. Sungard Bus. Sys.. Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996). In deciding the propriety of Rule 11 sanctions. a Court first determines whether the party's claims are objectively frivolous and then, if so, whether the signatory to the pleading should have been aware that they were frivolous — whether he would have been aware of the frivolousness if he had made a reasonable inquiry. *Worldwide Primates*, 87 F.3d at 1254; *Jones*, 49 F.3d at 695. Relevant factors into the reasonableness of the inquiry include: how much time was available for investigation; whether reliance upon representations of the client was necessary; whether the paper was based upon a plausible view of the law; and the extent to which factual development requires discovery. *Jones*, 49 F.3d at 695. Because Rule 11 is only violated if the paper is "signed in violation of this rule," the Court's inquiry focuses only on the merits of the

pleading from facts known or available to the attorney at the time of filing. *Jones*, 49 F.3d at 694 - 5 (*citing Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1507, 1508 (11th Cir. 1993).

Rule 11(c)(1)(A) contains a "safe harbor" provision which gives a lawyer or litigant 21 days within which to correct or withdraw the challenged submission. The Rule states, in relevant part, that:

> a motion for sanctions under this rule . . . shall be served as provided in Rule 5, but *shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.*

Fed. R. Civ. P. 11(1)(A) (emphasis added).

## II. APPLICATION

Defendants Manning and Altenberg contend that Plaintiff Hughes and his attorney, Mark R. Lippman have violated Rule 11 by continuing "to endorse the factual allegations related to the [Fair Labor Standards Act] claim" filed by another lawyer who has since withdrawn. Docket No. 39 at 1, n.1. Plaintiff Hughes argues that he dismissed the Fair Labor Standards Act claim and federal lawsuit shortly after service of the Rule 11 motion. The facts follow.

On August 31, 2005, counsel for Defendants wrote a letter to Plaintiff's counsel to explain why the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. ("FLSA"), was inapplicable to Hughes – as Hughes sought no unpaid minimum wages and no overtime. Docket No. 39 at 2, ¶ 2. On September 8, 2005, counsel for Defendants sent, by Federal Express, a Rule 11 motion to Plaintiff's counsel pursuant to the "safe harbor provision" in Fed. R. Civ. P. 11(c)(1)(A). At the hearing, Plaintiff's counsel stated that he received the motion the following day, on September 9, 2005.

On September 28, 2005, a secretary at the law firm of Defendants' counsel called the office of Plaintiff's counsel to confirm a settlement conference scheduled for October 7, 2005. The parties

had previously scheduled this settlement conference in order to discuss the possibility of resolving both the instant FLSA action and a parallel action pending in state court. Defendants never conferred with Hughes or his counsel about the motion for Rule 11 sanctions; they, instead, filed the motion on September 29, 2005.

On October 7, 2005, counsel for all parties held the settlement conference and agreed that Plaintiff would dismiss the federal action, including the only remaining claim under FLSA. The parties filed a stipulation of dismissal with prejudice on October 17, 2005. Docket No. 40. The stipulation states that it was submitted on October 14, 2005 and that the parties stipulate to dismissal of the action "in its entirety with prejudice, each party to bear its own costs and attorney's fees, with the Court to retain jurisdiction over Defendants' Motion for Rule 11 Sanctions." *Id.* On October 18, 2005, the Honorable Anne C. Conway dismissed the case with prejudice, and retained jurisdiction to rule on the Rule 11 motion (which she later referred to the undersigned). Docket Nos. 42, 43.

It appears that Plaintiff is an at-will "outside" Sales Associate who makes no claim for unpaid minimum wages or overtime cognizable under FLSA. *See* Docket Nos. 1, 37. Plaintiff makes no claim that falls within this Court's subject matter jurisdiction. Defendants cite no authority for this Court to impose Rule 11 sanctions in a case over which it has no jurisdiction. Even assuming that this Court has the power to do so, Defendants have cited no basis for this Court to exercise its discretion in that way.

Furthermore, the purpose of the "safe harbor" provision is to place a party on notice as to the inadequacy of a claim, and achieve a prompt and efficient dismissal. Defendants filed this Rule 11 motion on September 29, 2005, exactly twenty-one days after counsel for Defendants sent the motion to Plaintiff's counsel and only six business days before Hughes agreed to dismiss the federal action.

The fact that Hughes was a few days late in agreeing to dismiss the claim on October 7, 2005 does not warrant the imposition of $18,424.16 in attorney's fees and costs.

It is therefore **RECOMMENDED** that Defendants' Motion for Rule 11 Sanctions [Docket No. 39] be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 9th, 2005.

/s/ James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party
Courtroom Deputy